UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES CLEVE EARNEST,           ]
                                 ]
    Plaintiff,                   ]
                                 ]
vs.                              ]   CV-06-CO-2101-S
                                 ]
STATE FARM FIRE AND              ]
CASUALTY COMPANY, et al.,        ]
                                 ]
    Defendants.                  ]

MEMORANDUM OF OPINION

I.  Introduction.

Plaintiff Charles Cleve Earnest ("Earnest") filed suit against State Farm Fire and Casualty Company ("State Farm"), as well as Larry C. Thomas ("Thomas"), Zondra Hutto as Administratrix of the Estate of James Kimble ("Hutto"), and Darryl Watson ("Watson"), in the Circuit Court of Jefferson County, Alabama, Bessemer Division, on September 13, 2006.  In his complaint, Plaintiff sought a judgment declaring State Farm's obligations to him under a policy of insurance issued to him by State Farm; he also asserted a state law cause of action against State Farm for bad faith.

Earnest included the remaining individual defendants in his state court action as alleged real parties in interest.

State Farm removed this case to the U.S. District Court for the Northern District of Alabama on October 19, 2006, and averred federal jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship). In its notice of removal, State Farm maintains that the citizenship of the remaining individual defendants in this action should not be considered by this Court because the defendants were improperly joined. State Farm further contends that if these individual defendants were properly joined as parties, they are nonetheless due to be realigned as plaintiffs prior to this Court considering the issue of diversity of citizenship.

Plaintiff filed a motion to remand on November 6, 2006. (Doc. 6.) He argues that the individual defendants were not improperly joined and this case should be remanded to the Circuit Court of Jefferson County, Alabama, Bessemer Division. Upon due consideration, and for the reasons that follow, this Court is of the opinion that Plaintiff's motion to remand is due to be denied.

II.     Background.

According to Plaintiff's complaint, Hutto's decedent, James Kimble ("Kimble"), was involved in an automobile accident with Thomas on or about June 22, 2004.  Following the accident, Thomas filed an action ("underlying tort action") in the Circuit Court of Jefferson County, Alabama, Bessemer Division, seeking damages from Earnest, Watson, and the Estate of Kimble.  Earnest, at the time of the accident, owned the parcel of land that was adjacent to the accident scene.  Watson was allegedly retained by Earnest to cut the grass on the land.  Thomas claimed that because the grass was not properly cut, the view of traffic was blocked, and the obstruction contributed to the cause of the automobile accident.

Apparently, State Farm had, prior to the date of the accident, issued a Home Owner's Insurance Policy to Earnest.  Plaintiff contends that this Home Owner's Insurance Policy provides an obligation of defense and indemnity from State Farm to Earnest.  When State Farm refused to defend and/or indemnify him from Thomas's claims, Plaintiff filed an action ("Complaint") in state court.  In his complaint, Earnest describes the individual defendants as parties in interest.

III.     Standard for Remand.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). State Farm bears the burden of establishing subject-matter jurisdiction. See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject-matter jurisdiction in removed actions).

IV.     Discussion.

Before this Court can exercise diversity jurisdiction, complete diversity of citizenship must exist. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John*

*Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  Thomas, Hutto, and Watson are all non-diverse defendants.  Acknowledging this, State Farm argues that their citizenship should not be considered because the "Complaint is void of any allegation against them." (Doc. 1 at 2.)  In other words, State Farm contends that the non-diverse defendants were fraudulently joined with the claims against State Farm.

This Court is free to disregard the citizenship of any defendant it determines has been fraudulently joined.  *Triggs*, 154 F.3d at 1287.  In *Triggs*, the Eleventh Circuit Court of Appeals described three situations when a defendant can be considered to have been fraudulently joined:

> Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker,* 709 F.2d at 1440. In *Tapscott*, 77 F.3d at 1355 (11th Cir. 1996), a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined

> with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Id.*

State Farm appears to rely on the first instance of fraudulent joinder described in *Triggs*. State Farm argues that the individual defendants were improperly joined because there is no possible cause of action that exists against them under the Complaint. State Farm cites this Court to *Moore v. Allstate Indem. Co.*, 2006 WL 2730743 (S.D. Ala. Sept. 22, 2006), as well as *Legg v. Wyeth*, 428 F. 3d 1317 (11th Cir. 2005), in support of its position.

Plaintiff agrees with State Farm's contention that there is no possible cause of action, in the traditional sense, that exists against the non-diverse defendants under the Complaint. That, however, does not conclude the inquiry. Earnest apparently did not include the non-diverse defendants in his action so that he could allege a cause of action against them; rather, he maintains that they are "parties in interest" because an adjudication of insurance coverage or non-coverage affects each of them, and he wants the remaining defendants to be bound by a resulting declaratory judgment.

*Triggs* provides district courts with an explanation of the test that should be applied in determining if a defendant is joined fraudulently in a typical case.  The *Triggs* test, however, is not easily applied to this type of declaratory judgment action.  The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."  28 U.S.C. § 2201.   As one would expect, an action by a party to declare his or her rights is not a typical claim that is made **against** another party.  Instead, it is filed to determine relative rights, and is only effective if the outcome is **binding** upon those properly made a party to the action.

Recognizing this argument, State Farm also argues that the individual defendants are not indispensable parties and thus should not have been joined in the Complaint.  (Doc. 9 at 4-7.)  State Farm relies heavily on an analysis of the factors listed in Federal Rule of Civil Procedure 19(a).  State Farm also cites this Court to *Underwriters at Lloyd's London v. Osting-*

*Schwinn,* 2006 WL 947815 (M.D. Fla. Apr. 12, 2006), as well as other non-binding cases, in support of its position that the individual defendants are not necessary and indispensable and therefore should not be considered. Earnest attempts to counter State Farm's argument by distinguishing the cited cases from the facts at hand and challenging the logic of those cases. Plaintiff also cites this Court to non-binding case law, such as *Georgia-Pacific Corp. v. Sentry Ins. Co.*, 2006 WL 1525678 (S.D. Ill. May 26, 2006).

Neither party originally cited this Court to *American Safety Casualty Insurance Co. v. Condor Associates, Ltd.,* 129 Fed. Appx. 540 (11th Cir. 2005); *Ranger Insurance Co. v. United Housing of New Mexico*, 488 F.2d 682 (5th Cir. 1974); *Central Surety & Insurance Corporation v. Norris*, 103 F.2d 116 (5th Cir. 1939); or *Central Surety & Insurance Corporation v. Caswell*, 91 F.2d 607 (5th Cir. 1937). "In *Ranger,* [the Fifth Circuit, and thus the Eleventh Circuit[1]] affirmed the district court's conclusion that the absent tort claimants were indispensable parties to the insurer's declaratory judgment action against the insured because, were the case allowed to

---

[1] The Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981. *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

proceed without them, 'the claimants' interests would be prejudiced.'" *American Safety Cas. Ins. Co.*, 129 Fed. Appx. at 542.  In both *Norris* and *Caswell*, this Circuit held that the district court erred when it dismissed underlying tort plaintiffs from an insurer's declaratory judgment action against the insured.  *Norris*, 103 F.2d 116; *Caswell*, 91 F.2d 607.  In the words of the *Norris* court:

> It would be very inconvenient if the federal court should, these [underlying tort] plaintiffs not being parties, decide that the [insurance] policy does not apply, and the [insurer] should not defend the actions and the [underlying tort] plaintiffs should recover and then the State court should decide the policy does apply.  The interest of [the underlying tort plaintiffs] in the question the Insurance Corporation is trying to get adjudicated by a declaratory judgment is real and substantial . . . . They ought to be retained as parties to be heard on it and to be bound by the result.

*Norris*, 103 F.2d at 117 (citing *Caswell*, 91 F.2d at 607).  This Court sees no reason to stray from the logic of the Fifth and Eleventh Circuit's opinions.  Additionally, this Court agrees with the opinions.

While it may be unusual for an individual to bring an action to declare the obligations of his insurer,[2] the underlying tort plaintiff would be an indispensable party no matter who initiated the complaint; otherwise, he or she would not be bound by the result.  If State Farm had filed a declaratory judgment action in federal district court pertaining to its obligation to defend or indemnify Earnest from Thomas's claims, it too would have included Thomas, a non-diverse party, as a defendant.  If not, State Farm's action would have been subject to dismissal for failure to join an indispensable party.  *See Ranger Ins. Co. v. United Housing of New Mexico*, 488 F.2d 682 (5th Cir. 1974).  Instead of filing an action for declaratory judgment, State Farm denied Plaintiff coverage, and Earnest filed his Complaint approximately three months later.

The umbrella of this logic, however, does not extend far enough to include Watson or Hutto.  These two defendants have no interest in the outcome of the declaratory judgment action and further, Earnest has no reason for them to be bound by it.  Therefore, they are not real parties in

---

[2]In this Court's experience, such actions are normally brought by the insurer rather than the insured.

interest. Since they are not real parties in interest, and since no claim was made against them in the declaratory judgment action, Watson and Hutto were fraudulently joined and are to be ignored for the purpose of considering diversity of citizenship. *See Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

Yet, our inquiry is still not complete. "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). While it is a long-standing principle that federal jurisdiction must be based on the facts and pleadings as they existed at the time of removal, *see, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938); *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991), it is the federal courts' duty to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Chase Nat'l Bank*, 314 U.S. at 69. This Court must "work out the relation of each party to the suit according to the nature of his real interest, and *then* decide the question of jurisdiction." *Peters v. Standard Oil Co.*, 174 F.2d 162, 163 (5th Cir. 1949) (emphasis added). "Collision of interest . . . is not

determined by mechanical rules.  It must be ascertained from the principal purpose of the suit, and the primary and controlling matter in dispute." *Chase Nat'l Bank*, 314 U.S. at 69 (internal quotes and citations omitted). Furthermore, the "[f]acts forming the basis of realignment must exist at the time of filing the original suit."  *Texas Pac. Coal & Oil Co. v. Mayfield*, 152 F.2d 956, 957 (5th Cir. 1946).

It is clear to this Court that Thomas has actual interests that are closely aligned with Mr. Earnest's efforts to obtain indemnity from Thomas' claims; therefore, realignment is necessary.  Once realigned, complete diversity of citizenship exists.

V.   Conclusion.

For the reasons herein stated, defendants Watson and Hutto are dismissed from this action as fraudulently joined.  Defendant Thomas is realigned as a plaintiff with respect to the declaratory judgment portion of Earnest's complaint, and to the extent Thomas was named as a defendant to the tort claim made by Earnest against State Farm, he is dismissed.

Plaintiff's motion to remand is denied.  A separate order consistent with this Opinion is issued herewith.

Done this <u>17th</u> day of <u>January 2007</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297